IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK STOLLAR, | ) |
| Plaintiff, | ) Civil Action No. 2:21-1515 |
| v. | ) Magistrate Judge Patricia L Dodge |
| JOHN E. WETZEL, PA DEPARTMENT OF CORRECTIONS, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

I.  **Recommendation**

It is recommended that the Court grant Plaintiff Patrick Stollar's Motion to Reopen this civil action. (ECF 21.)

II.  **Report**

A.  **Background**

Stollar, who is proceeding pro se, is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). He is serving a capital sentence imposed by the Court of Common Pleas of Allegheny County on his conviction of first degree murder. *Commonwealth v. Stollar*, 84 A.3d 635 (Pa. 2014). The DOC currently houses Stollar at SCI Phoenix.

Stollar commenced this civil action in October 2021 by submitting a complaint for filing. (ECF 1.) He did not pay the filing fee, file a motion for leave to proceed in forma pauperis or submit the required service copies and documents. The Court therefore issued an order advising Stollar that his complaint could not be processed until he cured the deficiencies outlined in the order. (ECF 4.)

1

Stollar later cured the deficiencies. On December 6, 2021, the Court issued an order granting him in forma pauperis status. (ECF 12.) The Clerk of Court filed the Complaint (ECF 13) on that date. In the Complaint, Stollar asserts that his prolonged confinement in the DOC's Capital Case Unit violated his rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act. He named as Defendants the DOC and its former Secretary, John E. Wetzel.[1]

In the Court's order granting Stollar leave to proceed in forma pauperis, the Court advised him that his initial partial filing fee of $79.68 was due within thirty days. (ECF 12.) The Court instructed Stollar that he must complete and return the form the Court was providing to him to authorize deductions of monthly payments from his inmate account. In this same order, the Court advised Stollar that he also had the option to sign that portion of the form that permitted him to withdraw this action without payment of any portion of the filing fee.

After the Complaint was docketed, the Court directed the United States Marshal to serve waivers upon Defendants. (ECF 14.) Defendants then moved to transfer the case to the United

---

[1] Stollar's complaint is similar to numerous pro se complaints filed around the same time by other capital prisoners in the custody of the DOC. *See Boxley v. Wetzel, et al.*, 21-cv-4468 (E.D. Pa.); *Busanet v. Wetzel, et al.*, 21-cv-4286 (E.D. Pa.); *Cash v. Wetzel, et al.*, 21-cv-4748 (E.D. Pa.); *Clemons v. Wetzel, et al.*, 21-cv-5232 (E.D. Pa.); *Conforti v. Wetzel, et al.*, 21-cv-5293 (E.D. Pa.); *Hackett v. Wetzel, et al.*, 21-cv-5140 (E.D. Pa.); *Hannibal v. Wetzel, et al.*, 21-cv-4732 (E.D. Pa.); *Hicks v. Wetzel, et al.*, 21-cv-4719 (EDPA); *Hitcho v. Wetzel, et al.*, 21-cv-5173 (EDPA); *Johnson v. Wetzel, et al.*, 21-cv-4857 (E.D. Pa.); *Lopez, et al., v. Wetzel*, et al., 21-cv-1819 (M.D. Pa.); *Marinelli, et al., v. Wetzel, et al.*, 21-cv-5215 (E.D. Pa.); *Morales v. Wetzel, et al.*, 21-cv-4765 (E.D. Pa.); *Murphy v. Wetzel, et al.*, 21-cv-4436 (E.D. Pa.); *Natividad v. Wetzel, et al.*, 21-cv-4754 (E.D. Pa.); *Padilla v. Wetzel, et al.*, 21-cv-5083 (E.D. Pa.); *Perez v. Wetzel, et al.*, 21-cv-4796 (E.D. Pa.); *Reid, et al., v. Wetzel, et al.*, 21-cv-5108 (E.D. Pa.); *Rivera v. Wetzel, et al.*, 21-cv-4524 (E.D. Pa.); *Robinson v. Wetzel, et al.*, 21-cv-4844 (E.D. Pa.); *Robinson v. Wetzel, et al.*, 21-cv-4715 (E.D. Pa.); *Spotz v. Wetzel, et al.*, 21-cv-1799 (M.D. Pa.); *Staton v. Wetzel, et al.*, 21-cv-5016 (E.D. Pa.); *Thomas v. Wetzel, et al.*, 21-cv-4469 (E.D. Pa.).

States District Court for the Middle District of Pennsylvania. (ECF 16.) Soon after, on December 27, 2021, Stollar filed a notice of voluntary dismissal of this action on the form the Court had provided to him. (ECF 18.) As a result, the Clerk of Court terminated this case and the Court dismissed Defendants' motion to transfer as moot. (ECF 19, 20.)

Now before the Court is Stollar's Motion to Reopen, which he dated April 28, 2022 (ECF 21). After Defendants filed a brief opposing the motion (ECF 22), the Court issued a memorandum order (ECF 24) in which it held that it must construe Stollar's motion as one seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. Because neither Stollar nor Defendants had cited or discussed Rule 60(b), the Court provided Stollar with the opportunity to show cause why he is entitled to relief under the Rule and then for Defendants to reply. They have done so and Stollar's motion is now fully briefed. (ECF 25, 26, 27-1.)

**B.  Discussion**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Stollar filed his notice of voluntary dismissal before either of those events occurred. Thus, his notice, which was self-executing, resulted in the automatic dismissal of this case without prejudice to the commencement of another action. Fed. R. Civ. P. 41(a)(1)(B) (a first voluntary dismissal either by notice or stipulation under Rule 41(a)(1)(A) is without prejudice to the commencement of another action unless otherwise stated in the notice or stipulation itself); *see, e.g.*, *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020); *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008).

Stollar acknowledges in his Motion to Reopen that he voluntarily dismissed this action in December 2021 but states that he now wants to reopen it and reassert his claims against Defendants. He argues that "[t]he defendants will not be prejudiced if this case is reopened. Rather, I will be prejudiced because, in the interim, the statute of limitations has expired and I will be unable to file a new action." (*Id.* ¶ 3.)

Stollar does not assert that he can unilaterally withdraw his notice of dismissal and there is no authority that he can do so. Thus, as the Court explained in its show cause order, the first question posed by Stollar's motion is whether Rule 60(b) is available to him under the circumstances, since that Rule provides a party with a mechanism to seek relief "from a final judgment, order, *or proceeding*[.]" Fed. R. Civ. P. 60(b) (emphasis added).

In their initial brief opposing Stollar's motion, Defendants do not expressly mention Rule 60(b), but they do contend that if Stollar wants to reassert his claims against them he may only do so by filing a new civil action and not by reopening this case which he voluntarily dismissed. (*See* ECF 22.) In support, Defendants cite an unpublished district court decision that cited cases for the proposition that, "[b]ecause a dismissal under [Rule 40(a)(1)(A)(i)] is effected without court order, 'there is no final order or judgment from which a party may seek relief under Rule 60(b), and the district court lacks jurisdiction to grant a Rule 60(b) motion." *Great Am. Ins. Co. of New York v. Day*, No. 12-cv-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013) (quoting *Ajiwoju v. Cottrell*, 245 F. App'x 563, 565 (8th Cir. 2007), additional citations omitted).[2]

---

[2] In *White v. National Football League*, 756 F.3d 585, 595 (8th Cir. 2014), the Eighth Circuit expressly rejected the holding of its nonprecedential decision in *Ajiwoju* and explained that it agreed with the other courts of appeals which have held "that a Rule 41(a)(1)(A) dismissal constitutes a 'judgment, order, or proceeding' under Rule 60(b) and that relief under the Rule is
*Footnote continued on next page . . .*

4

However, as the Court explained in its show cause order, the greater weight of authority, including from the Court of Appeals for the Third Circuit, supports the conclusion that Stollar may move to reopen this action under Rule 60(b). In *Williams v. Frey*, 551 F.2d 932 (3d Cir. 1977), abrogated on other grounds in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), the parties had entered into a judicially approved "Stipulation" which settled the case and provided that the action was dismissed under Rule 41. When faced with a petition to modify the Stipulation, the district court was "concerned that there was nothing left of the original lawsuit to modify, since the suit had been dismissed." *Id.* at 933. On appeal, the Court of Appeals concluded that the district court had the power to consider the petition to modify the dismissal agreement. *Id.* at 933-34. The court reasoned that the dismissal was a "proceeding," and thus the petition fell within a Rule 60(b) motion for relief from a "judgment, order, or proceeding." *Id.* at 934.

Other courts of appeal have similarly concluded that a plaintiff may move under Rule 60(b) to reopen a case they voluntarily dismissed. For example, in *Yesh Music v. Lakewood Church*, 727 F.3d 356, 360 (5th Cir. 2013), the Court of Appeals for the Fifth Circuit held that a voluntary dismissal without prejudice of all defendants is a "final proceeding" under Rule 60(b) and therefore the district court had the power to reopen the lawsuit under the Rule. In support of its decision the court cited, among other cases, the decision of the Court of Appeals for the Third Circuit in *Williams v. Frey*. *See also Kamdem-Ouaffo v. Plaza Square Apartments*, No. 21-2663, 2022 WL 1101582, at *2 n.3 (3d Cir. Apr. 13, 2022) (citing *Yesh* and concluding that, in a case in which the plaintiff had voluntarily dismissed some defendants, the district court could reinstate the claims

---

thus available to a party that stipulates to the dismissal of a lawsuit. We conclude that our sister circuits have the better issue. Specifically, we agree with those circuits that have held that a stipulated dismissal constitutes a judgment' under Rule 60(b)." (Citations omitted).

against the voluntarily dismissed defendants under Rule 60(b)). A leading treatise agrees that Rule 60(b) is available to a plaintiff after the filing of a voluntary dismissal, explaining: "Once a notice of dismissal is filed, the case is closed and the plaintiff may not unilaterally withdraw or amend the notice. However, the plaintiff may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)." *See also* 8 Moore's Federal Practice—Civil § 41.33[6][f] Lexis (database updated Mar. 2022).

Thus, Stollar can move to reopen this action under Rule 60(b). Rule 60(b) provides, in relevant part, that "[o]n a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Stollar argues, among other things, that he should be permitted to reopen this case because it was a "mistake" for the Court to send him the authorization/voluntary dismissal form and direct him to file it.

Stollar's argument has merit for several reasons. First, the blank authorization/voluntary-dismissal form should not have been sent to him nor should he have been directed to file it because he had already submitted a signed form authorizing deductions from his prison account. (*See* ECF 8.) Second, the Court's order and the form sent to him lacked information about the legal ramifications of withdrawing the action. Third, and most importantly, the Court lacked authority to forgive the $350.00 filing fee, even if Stollar signed and filed the form the Court provided to him. *See, e.g.*, *Porter v. Dep't of the Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (the court had no authority to waive appellate filing fee on voluntary dismissal in case governed by the PLRA); *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is

6

withdrawn. That is not surprising, since a congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal citation and quotation omitted); *Platts v. Buchanan*, No. 12-cv-1788, 2013 WL 3772524, at *2 (W.D. Pa. July 17, 2013) (the district court has no discretion as to whether to collect the filing fee).

Thus, for these reasons the Court acknowledges that under these circumstances it was an error to have sent Stollar the blank authorization/voluntary dismissal form and instruct him to file it. The Supreme Court recently held that legal errors made by the court qualify as a "mistake" under Rule 60(b)(1). *Kemp v. United States*, — U.S. —, 142 S.Ct. 1856, 1861-65 (2022). Such a mistake regrettably occurred here.

A motion seeking relief under Rule 60(b)(1) "must be made within a reasonable time[,]" and "no more than a year after" the proceeding at issue closed. Fed. R. Civ. P. 60(c). Stollar originally asserted that he "was unable to reopen this case sooner because, during the intervening period, I had been transferred to attend a hearing in Allegheny County for my capital case." (ECF 21 ¶ 2.) Defendants countered that DOC records show that Stollar was transferred from SCI Phoenix to the Allegheny County Jail on March 4, 2022 and was there for only two weeks (he was returned to SCI Phoenix on March 17, 2022). (ECF 22.) Stollar concedes that Defendants' timeline is accurate. (ECF 25 at p. 2.)

The Court finds that under the circumstances Stollar moved to reopen this case within a reasonable time. In reaching this conclusion, the Court is mindful that Stollar is an inmate on death row, he is proceeding pro se, is unlikely to have understood the ramifications of withdrawing his action and for approximately two weeks in March 2022 he was transferred from SCI Phoenix to

7

attend a hearing related to his capital sentence. All of these factors may have contributed to his uncertainly about how to proceed once he determined he wanted to move to reopen the case.

### III.     Conclusion

Based on the above, it is respectfully recommended that the Court grant Stollar's Motion to Reopen this civil action. (ECF 21.) Under the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from today's date to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

September 6, 2022                               /s/ Patricia L Dodge
                                                PATRICIA L DODGE
                                                UNITED STATES MAGISTRATE JUDGE